CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 0 2 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MICHAEL JAMES KEITZ, | Civil Action No. 3:11CV00054 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| | By: Hon. Glen E. Conrad |
| UNNAMED SPONSORS OF COCAINE RESEARCH STUDY, et al., | Chief United States District Judge |
| Defendants. | |

This case is presently before the court on the plaintiff's motions for (1) an expedited hearing; (2) an extension of time in which to file his motion for reconsideration; (3) reconsideration of the dismissal of his breach of contract claim; and (4) leave to amend his previously amended complaint. For the reasons that follow, the plaintiff's motions will be denied. However, the plaintiff will be granted an opportunity to file, within twenty-one (21) days, a claim setting forth the applicable law and specific facts that he believes give rise to a claim for breach of contract.

I. **Motion for an Expedited Hearing**

On July 31, 2013, the plaintiff filed a motion requesting an expedited hearing regarding the July 22, 2013 opinion and order in which this court dismissed the plaintiff's breach of contract claim. See Mem. Op., ECF No. 45; Order, ECF No. 46. This court construes the plaintiff's motion as a request for an expedited hearing on his motions for reconsideration and for leave to amend his previously amended complaint, jointly filed on August 7, 2013. Upon review of the record, the court concludes that both motions can be resolved on the pleadings and

that no hearing is necessary. Therefore, the plaintiff's request for an expedited hearing will be denied.

**II.     Motion for Reconsideration**

The Federal Rules of Civil Procedure do not expressly provide for a post-judgment "motion to reconsider." Rather, a motion for reconsideration is treated as either a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). See, e.g., Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). Unless otherwise specified, a motion for reconsideration filed within twenty-eight (28) days of the entry of judgment will be construed as a Rule 59(e) motion. See, e.g., Kimble v. Withers, No. 5:12CV00110, 2013 WL 2302313, at *1 (W.D. Va. May 24, 2013).

"A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.' " Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 379 (4th Cir. 2012) (citing Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). This is an extraordinary remedy that should be used sparingly and granted only under exceptional circumstances. Id.

Here, the plaintiff does not specify whether he brings this motion under Rule 59(e) or Rule 60(b). Because the plaintiff filed within twenty-eight (28) days of the entry of the order, the court will consider his motion under Rule 59(e).[*]

---

[*] On July 31, 2013, the plaintiff moved for additional time to submit his motion for reconsideration. Pl.'s Notice of Mot., ECF No. 48. Since 2009, Rule 59(e) has allowed a party twenty-eight (28)—rather than ten (10)—days to file a motion to alter or amend a judgment. The plaintiff filed his motion on August 7, 2013, within the required time period. Accordingly, the plaintiff's motion for an extension of time will be dismissed as moot.

2

In his motion, the plaintiff asks this court to reconsider its decision to dismiss the breach of contract claim raised in his amended complaint. This court dismissed the claim because the plaintiff failed to allege with sufficient particularity the necessary elements of such a claim. Mem. Op. 7, Jul. 22, 2013, ECF No. 45. Rather, the plaintiff merely offered the bare allegation that the defendant "violated a legally enforceable obligation to [the] plaintiff." Id. at 6.

In support of his motion for reconsideration, the plaintiff appears to offer four arguments. First, the plaintiff argues that this court erroneously interpreted his original complaint, specifically the "Facts" section. Pl.'s Aff., Aug. 7, 2013, ECF No. 53. Second, the plaintiff asserts that he has only limited access to Virginia case law and statutes. Id. Third, the plaintiff simply states that he "has a legitimate cause for redress." Id. Finally, the plaintiff argues that this court erred when it found that his breach of contract claim could not survive judicial scrutiny under Federal Rule of Procedure 12(b)(6). Pl.'s Mem. Law 4, Aug. 7, 2013, ECF No. 52.

None of these arguments suggest that an intervening change in controlling law has occurred; none of these arguments rely on previously unavailable evidence. While the first three arguments do not suggest a clear error of law or impending manifest injustice, it could be inferred from the plaintiff's final argument that he believes this court clearly erred when it dismissed his claim under Rule 12(b)(6). This belief is mistaken.

The plaintiff correctly asserts that in his amended complaint, he offered the following factual allegations to the court: (1) he signed a written contract to participate in a drug research experiment conducted by the UVA Center for Addiction Research; and (2) he was told to report to the emergency room and contact UVA if he experienced symptoms as a result of his participation. Id. He urges the court to find that these facts alone sufficiently denote the contract

3

terms, including the parties' expectations and obligations, such that a district court could find that a breach of contract occurred.

The plaintiff expressly concedes that these are vague factual allegations. Pl.'s Mem. Law 5, Aug. 7, 2013, ECF No. 52. He mistakenly believes, however, that when a pro se plaintiff alleges these vague facts in connection with "a university-conducted human subject experiment," the otherwise vague facts become adequate under Rule 12(b)(6). Id. There is no statute, rule, or case law supporting the plaintiff's contention. Accordingly, the plaintiff has not demonstrated a clear error of law that supports his Rule 59(e) motion.

The plaintiff fails to make the required showing for relief under Rule 59(e). He makes no showing of exceptional circumstances, nor does he establish the existence of any of the three limited situations under which a Rule 59(e) motion may be granted. Accordingly, the extraordinary remedy afforded by Rule 59(e) cannot be properly granted, and the plaintiff's motion for reconsideration must be denied.

### III. Motion for Leave to Amend Plaintiff's Previously Amended Complaint

"A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (internal citations omitted). An amendment would be futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." 525 F.3d 370, 376 (4th Cir. 2008) (internal citations omitted).

4

Here, there is nothing to suggest that allowing the plaintiff to amend his complaint would prejudice the defendants, nor is there any evidence that the plaintiff has acted in bad faith. In evaluating whether the proposed amendment would be futile, this court will construe the "Argument" section of plaintiff's supporting memorandum of law, Pl.'s Mem. Law 3-9, Aug. 7, 2013, ECF No. 52, as the plaintiff's proposed amended complaint.

In his proposed amendment, the plaintiff merely offers conclusory statements that fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). He recites Virginia statutes and case law governing a breach of contract claim; explains that he contracted to participate in a human subject research experiment, which are subject to "a plethora of mandatory provisions provided for by statutorily created departments and agencies"; asserts that the defendant "violated the discharge document and state and federal laws governing human subject experimentation"; quotes several federal regulations applicable to human subject experiments; and asserts that "it would strain credulity to the breaking point to think such protection promises were not contained in the agreement plaintiff signed." The plaintiff generally alleges that defendants "[callously disregarded] their moral and legal obligations," but only offers one factual allegation—that the plaintiff was "stuck . . . with the bill, to treat . . . an obviously study related dilemma." This sort of "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim under Rule 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Since the plaintiff's proposed amended complaint fails to satisfy the federal rules, the plaintiff's amendment would be futile. Accordingly, the plaintiff's motion for leave to file an amended complaint must be denied. However, the plaintiff will be granted leave to file, within

twenty-one (21) days, a new claim setting forth the specific facts and law that he believes give rise to a claim for breach of contract. Should the plaintiff choose to file such a claim, he is encouraged to do the following: supply the court with a copy of the contract that he signed before participating in the cocaine research study; identify the precise contract terms that he believes were breached; identify the precise federal regulations that he believes were incorporated into the contract and breached; and describe with particularity defendant's conduct that breached the contract.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 1st day of October, 2013.

/s/ Glen Conrad
Chief United States District Judge