CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 31 2013

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MICHAEL JAMES KEITZ, | Civil Action No. 3:11CV00054 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| | By: Hon. Glen E. Conrad |
| UNNAMED SPONSORS OF COCAINE RESEARCH STUDY, et al., | Chief United States District Judge |
| Defendants. | |

This case is presently before the court on a motion for summary judgment filed by the only remaining defendant in this action, Dr. Nassima Ait-Daoud, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Virginia Code § 8.01-20.1, and on the pro se plaintiff's motion for an extension of time to serve unnamed defendants.

**Factual and Procedural Background**

The plaintiff, Michael J. Keitz, proceeding pro se and in forma pauperis, initiated this action on August 26, 2011 when he filed a complaint against the Commonwealth of Virginia, a number of unnamed individuals employed by the University of Virginia, and various branches of the University of Virginia. As recounted in greater detail in the court's previous opinions, Keitz v. Unnamed Sponsors of Cocaine Research Study, et al., No. 3:11-cv-00054, 2011 WL 3879518 (W.D. Va. Sept. 1, 2011) and Keitz v. Unnamed Sponsors of Cocaine Research Study, et al., No. 3:11-cv-00054, 2013 WL 3814347 (W.D. Va. July 22, 2013), the plaintiff alleges that he suffered severe mental anguish as a result of his participation in a medical study at the University of Virginia's Center for Addiction Research and Education. The court interpreted the plaintiff's complaint as alleging state law claims for medical malpractice and technical battery. On September 1, 2011, the court sua sponte dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B), which

requires the court to screen in forma pauperis filings and dismiss any action "that the court finds to be frivolous or malicious or that fails to state a claim." Mem. Op. 3, Sept. 1, 2011, Docket No. 3. The medical malpractice claims were dismissed because the plaintiff had failed to provide an expert witness opinion stating that the defendants had deviated from the applicable standard of care, as required by Virginia Code § 8.01-20.1.

On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the portion of this court's opinion dismissing the technical battery claim, but it vacated the portion of the opinion dismissing the medical malpractice claims under Virginia Code § 8.01-20.1, because the plaintiff had neither requested the service of process nor requested a defendant to accept service of process, a prerequisite to the expert witness requirement. USCA Mem. Op., Feb. 15, 2013, Docket No. 29.

On March 7, 2013, the plaintiff filed an amended complaint, naming, in addition to the previously named and unnamed defendants, Dr. Ait-Daoud. In the amended complaint, the plaintiff reiterated the facts and accusations in support of his medical malpractice claims and added a claim for breach of contract based on "a written contract to participate in a drug research experiment." Mem. Op. 3, July 22, 2013, Docket No. 45. In April 2013, the plaintiff filed, and the court granted, a sixty (60) day extension to accomplish service. The court reminded the plaintiff that "because he is proceeding pro se and in forma pauperis, the court will assist [him] with service of his complaint upon receipt of the necessary contact information."

On July 22, 2013, the court dismissed the plaintiff's breach of contract claim under its mandatory screening duty, 28 U.S.C. § 1915(e)(2)(B). The court also dismissed several named defendants under the doctrine of sovereign immunity and dismissed all unnamed defendants because the plaintiff failed to accomplish service or provide the court with the necessary contact information within the extended time period allowed. However, the court recognized that the sole

2

remaining defendant, Dr. Ait-Daoud, had not yet asserted a viable sovereign immunity defense to the medical malpractice claims, and it ordered the United States Marshal to serve process on Dr. Ait-Daoud at the address provided by the plaintiff. The court reminded the plaintiff that in making a medical malpractice claim, Virginia law requires him to have obtained a written opinion signed by an expert witness stating that the defendant "deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed." Mem. Op. 7, July 22, 2013, Docket No. 45.

On September 30, 2013, the defendant filed the instant motion for summary judgment, asking this court to dismiss the action because the plaintiff has not complied with the expert certification requirement.

### Discussion

**I.  Defendant's Motion for Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

The Virginia Medical Malpractice Act ("VMMA") requires any party alleging negligent medical care to obtain an expert certification of merit prior to serving process upon the defendant. Va. Code Ann. § 8.01-20.1. Pro se litigants are held to the same requirement for expert certification under VMMA as any other litigant. See Johnson v. Kilgore, No. 7:11-cv-00416, 2012 WL 3544916, at *7 n.6 (W.D. Va. Aug. 16, 2012). Except for the rare instance when the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience, the failure to comply with this certification is grounds for dismissal. Id.; see also Brembry v. United States, No. 7:10-cv-388, 2011 WL 121741, at *7 (W.D.Va. Jan. 13, 2011); Delaney v. Marsh, No. 7:08-cv-

3

00465, 2010 WL 1212569, at *3 n.6 (W.D. Va. Mar. 25, 2010).

This court has already determined—and the United States Court of Appeals for the Fourth Circuit has agreed—that it is not within the common knowledge and experience for a jury to determine whether the defendant satisfied the standard of care in the various situations alleged by the plaintiff. Mem. Op. 5, Sept. 1, 2011, Docket No. 3; USCA Mem. Op. 4, Feb. 15, 2013, Docket No. 29 ("We conclude that the district court correctly determined that whether the Defendants committed malpractice or were negligent during the drug study requires expert testimony."). Therefore, this case fails to qualify as one of the rare instances in which expert certification is not required.

According to her motion for summary judgment, the defendant requested the mandatory expert certification from the plaintiff in August and had not received a response as of the time of filing. Def.'s Brief Supp. Mot. Summ. J. 5, Sept. 30, 2013, Docket No. 83. She also provided a copy of the letter sent to the plaintiff at his Collins Correctional Facility address on August 22, 2013, requesting that he provide the required certification within ten (10) days. Id. at 13. On October 1, 2013, the plaintiff was notified that he had twenty-one (21) days to submit any relevant evidence contradicting, explaining or avoiding the defendant's evidence. He submitted no response. Accordingly, the court finds that there is no genuine dispute that the plaintiff failed to obtain the required certification, and the defendant's motion for summary judgment must be granted.

## II. Plaintiff's Motion for an Extension of Time to Serve Unnamed Defendants

The plaintiff's motion for an extension of time to serve unnamed defendants cannot be granted because the court has already dismissed all unnamed defendants from the case. On April 11, 2013, the court granted the plaintiff's request for an additional sixty (60) days to accomplish service. The court reminded the plaintiff that, because he was proceeding pro se and in forma

pauperis, the court would "assist [him] with service of his complaint upon receipt of the necessary contact information for each of the defendants." The plaintiff failed to accomplish service or provide the court with the necessary contact information within the extended time period allowed. As a result, all unnamed defendants were terminated on July 22, 2013.

## Conclusion

For the reasons stated, the defendant's motion for summary judgment will be granted, and the plaintiff's motion for an extension of time to serve unnamed defendants will be denied. All other pending motions will be dismissed as moot, and the action will be stricken from the active docket of the court.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 31st day of October, 2013.

_____
Chief United States District Judge